[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 180)
The plaintiffs have filed a multi-count amended complaint alleging a number of tort and contract law claims against several defendants. The defendant Connecticut Association Securities, Inc. ("CTAS") has filed a motion to strike the fifth, sixth, eighth, and twelfth counts. In spite of the complexity of the complaint as a whole, the issue presented here boils down to a single, narrow point. The amended complaint alleges that one Sharon Wilcox ("Wilcox") committed certain tortious acts. The question presented is whether the amended complaint also alleges sufficient facts to hold CTAS liable for Wilcox's acts under the doctrine of respondeat superior. For the briefly stated reasons that follow, I conclude that this question must be answered in the affirmative.
Because this is a motion to strike, the allegations of the amended complaint must be read in the light most favorable to the plaintiffs. The complaint expressly alleges that Wilcox at the time of the acts in question "was acting in her capacity as a dual employee of [the defendant Savings Institute] and CTAS." (Amended complaint ¶ 75.) Similar allegations are made elsewhere in the complaint. (See ¶¶ 66 67.) CTAS claims that these allegations are insufficient to invoke the doctrine of respondeat superior. I disagree.
"Under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business." Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 500, 656 A.2d 1009 (1995). CTAS contends that, for purposes of pleading, "scope of employment" is something of a magic phrase and that the plaintiffs' phrase "acting in her CT Page 5256-B capacity as a dual employee" falls short of the mark. At this stage of the litigation, this is nothing more than a word game. While the plaintiffs will unquestionably have to prove that Wilcox was acting in the scope of her employment when she committed the alleged tortious acts in order to hold CTAS responsible for those acts, there is nothing magic about those words for purposes of pleading. It is certainly a reasonable inference from the facts alleged by the plaintiffs — and particularly from their allegation that Wilcox was "acting in her capacity as a dual employee" — that Wilcox was acting in the scope of her employment. At this stage, that is enough. See 27 Am.Jur.2d Employment Relationship § 481 (1996).
The motion to strike is denied.
Jon C. Blue Judge of the Superior Court